UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ENZO BIOCHEM, INC., *et al.*,

                    Plaintiffs,

-v-

MOLECULAR PROBES, INC., *et al.*,

                    Defendants.

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8-14-13

No. 03 Civ. 3816 (RJS)
ORDER

RICHARD J. SULLIVAN, District Judge:

On July 2, 2013, the Court directed Defendants to file a short motion for summary judgment regarding Plaintiffs' infringement claims as to the ULYSIS products, focusing solely upon the legal effect, if any, of Plaintiffs' recent statements to the PTO. Plaintiffs did not request and the Court did not grant leave to file a cross-motion for summary judgment as to the validity of the '060 Patent under which the ULYSIS products are challenged. Accordingly, the Court will not consider and Defendants need not brief Plaintiffs' cross-motion; instead, Defendants should confine their reply to Plaintiffs' statements to the PTO and the effect of those statements on Plaintiffs' infringement claims.

SO ORDERED.

DATED:      August 14, 2013
                New York, New York

RICHARD J. SULLIVAN
UNITED STATES DISTRICT JUDGE

ERIC M. JAEGERS
858.509.6015 direct telephone
858.224.0952 facsimile
eric.jaegers@troutmansanders.com



TROUTMAN SANDERS LLP
Attorneys at Law
11682 El Camino Real, Suite 400
San Diego, CA 92130-2092
858.509.6000 telephone
troutmansanders.com

August 14, 2013

***SENT VIA E-MAIL [SULLIVANNYSDCHAMBERS@NYSD.USCOURTS.GOV]***
Honorable Richard J. Sullivan
U. S. District Court, Southern District of New York
500 Pearl St., Room 615
New York, NY 10007

    RE:    *Enzo Biochem, Inc., et al. v. Molecular Probes, Inc., et al.*, Cause No. 03-cv-3816 pending in the U.S. District Court for the Southern District of New York.

Dear Judge Sullivan:

    We represent defendant Molecular Probes, Inc. ("MPI") in the above-referenced matter. In response to MPI's authorized summary judgment motion of non-infringement, Enzo has filed an unauthorized and improper "Cross Motion on Claim Construction and Partial Summary Judgment of Validity" relating to U.S Patent No. 5,241,060 (the "'060 patent"). The matters raised in Enzo's "cross motion" are not before the Court on MPI's Motion. The "cross-motion" also was not previously authorized by this Court, nor was it filed in compliance with the Court's Individual Practices, Paragraph 2.A. MPI respectfully requests that the Court strike Enzo's unauthorized "cross motion," as well as those portions of Enzo's "Opposition" papers that raise arguments on claims construction and "validity" of the '060 patent. Because MPI's Reply to Enzo's Opposition is due on Monday, August 19, 2013, MPI requests that the Court address this issue now so it may utilize the six pages that are authorized for a Reply brief in the most efficient and procedurally proper way.

### Enzo's Cross Motion is Unauthorized and Untimely

    By Order dated July 3, 2013, the Court allowed MPI to file a motion for summary judgment of non-infringement regarding Enzo's claims against MPI's ULYSIS products. Dkt. No. 116. Although Enzo responded to MPI's pre-motion letter, Enzo did not seek leave to file its own summary judgment motion or a cross-motion. *See* Enzo's June 28, 2013 Letter to Court. On July 22, 2013, MPI filed its Motion (Dkt. Nos. 119-122), to which Enzo responded on August 12, 2013. Dkt. Nos. 126-129. MPI's Motion relates exclusively to Enzo's infringement claims against MPI's ULYSIS products under the '060 patent. MPI's Motion is based on Enzo's recent (May 6, 2013) representations to the USPTO in connection with the pending reexamination of the '060 patent. As the Court stated in its July 3, 2013 Order, "the nub of Defendants' contemplated motion [is] that Plaintiffs are bound as a matter of law by their statements *to the PTO*." Dkt. No. 116 (emphasis original).

    The Court did not grant – and Enzo did not have – authority to file a "cross motion" to expand the issues beyond what the Court authorized. On the contrary, the Court has already refused to consider the matters Enzo raises with respect to claims construction and "validity" of

TROUTMAN
SANDERS

Hon. Richard J. Sullivan
August 14, 2013
Page 2

the '060 patent. *See* Dkt. No. 124 (July 25, 2013 Order). Enzo's July 24, 2013 "mid-motion letter" was not a proper pre-motion letter under Paragraph 2.A of the Court's Individual Practices: "the Court cannot conceive what legitimate purpose this mid-motion letter might serve." *Id.* The Court further ordered MPI not to respond to that letter. *Id.* Nonetheless, Enzo cites the Court's order as support for its cross-motion. *See* Dkt. No. 126 (Enzo's Notice of Motion and Cross Motion at 1). Enzo's attempt to bootstrap its unauthorized arguments into the issues properly raised by MPI's pending summary judgment motion is improper and contrary to this Court's prior orders.

Moreover, the time for filing such a motion has long since passed. *See* Dkt. No. 248 in related Cause No. 1:02-cv-8448-RJS (Sept. 12, 2011 Order stating that "the time to make new motions for summary judgment has passed."); *see also* Aug. 22, 2011 Hr'g. Tr. at 16:6-11 (Court does not "want to set the clock all the way back" with new motions). Indeed, Enzo itself has argued to the Court that "[t]he date for filing motions directed to the patent claims has come and gone...." *See* Enzo's Nov. 2, 2012 Letter to the Court at 3 (citing Aug. 22, 2011 Hr'g. Tr. at 17-19 concerning MPI's request to move for summary judgment of invalidity). Further, Enzo has repeatedly and successfully resisted MPI's attempts to renew its motion for summary judgment of invalidity. *See* Aug. 22, 2011 Hr'g. Tr. at 16:3-5; 21:2–22:15 and 24:25–25:1-20; Enzo's Nov. 2, 2012 Letter to Court at 3 (citing Aug. 22, 2011 Hr'g. Tr. at 17-19); and Nov. 16, 2012 Hr'g. Tr. at 47:20–49:23. Having prevented MPI (and the other defendants) from so doing, Enzo should not now be allowed raise the same issues itself.

### Enzo's Cross Motion is Substantively Irrelevant to MPI's Non-Infringement Motion

Moreover, neither claim construction nor validity is at issue – Enzo is bound by its representations regardless of whether a given term is construed for or against Enzo or whether the claims are valid or invalid. In particular, it is unnecessary to reopen claim construction for purposes of MPI's motion because "only those terms need be construed that are in controversy, and only to the extent necessary to resolve the controversy." *Vivid Tech., Inc. v. Am. Science & Eng'g, Inc.*, 200 F.3d 795, 803 (Fed. Cir. 1999).[1] No additional construction of any claim language of the '060 patent is required to resolve MPI's summary judgment motion *because Enzo failed to dispute MPI's statements of fact regarding the ULYSIS products*. Dkt. No. 129 (Enzo's Rule 56.1 Statement at 9 (MPI/Enzo Statement Nos. 20-22)). Regardless of whatever the '060 patent might cover, Enzo concedes it cannot cover the ULYSIS products.

Enzo is also bound by its representations to the USPTO regardless of whether its representations ultimately are accepted or rejected by the USPTO (or this Court). *See American Piledriving Equipment, Inc. v. Geoquip, Inc.*, 637 F.3d 1324, 1336 (Fed. Cir. 2011) (applicant's representations to PTO are binding "regardless of whether the examiner agreed" with applicant) and *Saffran v. Johnson & Johnson*, 712 F.3d 549, 559 (Fed. Cir. 2013) ("an applicant's argument that a prior art reference is distinguishable on a particular ground can serve as a disclaimer of

---

[1] This Court has already refused to allow Enzo to relitigate claim construction. *See* Dkt. No. 248 in related Cause No. 1:02-cv-8448-RJS at 3 (Sept. 12, 2012 Order).

TROUTMAN
SANDERS

Hon. Richard J. Sullivan
August 14, 2013
Page 3

claim scope even if the applicant distinguishes the reference on other grounds as well."); *see also* Dkt. No. 120 (MPI's summary judgment motion memorandum at 9, n.7).

Accordingly, the only salient matters for the Court to consider are (1) the fact that Enzo made the representations, and (2) whether Enzo's disavowals preclude a finding of infringement. Given Enzo's representations to the PTO, its failure to challenge MPI's evidence, and its admission that the ULYSIS products do not infringe, the Court need not look beyond Enzo's representations to the USPTO to resolve MPI's summary judgment motion.

Enzo's "cross motion" is untimely, unauthorized and improper. Its attempt to bootstrap claims construction and validity issues, leaving MPI only six pages of a Reply brief to address them, is simply gamesmanship. Accordingly, MPI respectfully requests that the Court strike Enzo's "cross motion" and all arguments Enzo raises in its "response" papers that relate to claims construction and "validity" of the '060 patent.

Respectfully submitted,

TROUTMAN SANDERS LLP

Eric M. Jaegers

cc: Counsel of record